```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                        NASHVILLE DIVISION

LEAF FUNDING, INC.,                 )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )    Case No. 3:06-0938
                                    )    Judge Echols
EMANUELE BUTERA d/b/a               )
WHATSINUSA.COM LLC, d/b/a           )
B-FLATS DUELING PIANO BAR OF        )
COOL SPRINGS, LLC, d/b/a            )
AMERICAN CLUB SYSTEMS, INC.         )
d/b/a FITNESS EXPRESS MGT           )
OF NASHVILLE LLC, d/b/a             )
FITNESS EXPRESS - MGT               )
CORPORATION, d/b/a WORLD GYM,       )
d/b/a BAHAMA MAMMAS OF              )
COOL SPRINGS, LLC                   )
JENNIFER BUTERA,                    )
DIRK W. PARKINSON,                  )
BRIAN K. BALL,                      )
TOTAL FITNESS SYSTEMS, LLC,         )
FITNESS EXPRESS LLC,                )
of MOUNT JULIET d/b/a               )
WORLD GYM of MOUNT JULIET,          )
FITNESS EXPRESS LLC of              )
SPRING HILL, d/b/a WORLD GYM        )
of SPRING HILL,                     )
FITNESS EXPRESS of SMYRNA           )
CORPORATION                         )
d/b/a WORLD GYM OF SMYRNA,          )
FITNESS EXPRESS LLC                 )
of GALLATIN d/b/a WORLD GYM         )
OF GALLATIN,                        )
FITNESS EXPRESS, LLC                )
d/b/a WORLD GYM OF                  )
COOL SPRINGS,                       )
FITNESS EXPRESS OF                  )
CHATTANOOGA LLC, d/b/a              )
WORLD GYM OF CHATTANOOGA I,         )
BAHAMA MAMMAS OF SPRING HILL,       )
LLC, FITNESS EXPRESS OF             )
JENKINS RD, LLC, d/b/a WORLD        )
GYM CHATTANOOGA II, LEAR            )
FITNESS LLC, and                    )
FITNESS EXPRESS                     )
OF CLARKSVILLE, LLC,                )
                                    )
        Defendants.                 )
```

**MEMORANDUM**

Pending before the Court is the Motion for a Temporary Restraining Order and Preliminary Injunction filed by Leaf Funding, Inc. ("Leaf Funding") (Docket Entry No. 2). On October 5, 2006, the Court granted Plaintiff's request for a Temporary Restraining Order ("TRO")(Docket Entry No. 12). An evidentiary hearing was held on Plaintiff's request for a preliminary injunction on October 11, 2006.

### I.  FACTS

The facts in this case were set forth in this Court's Memorandum (Docket Entry No. 11 at 2-5) accompanying the TRO and those factual findings are incorporated in full herein. Basically, those facts show that the Defendants are Lessees (or the alter-egos of Lessees) of certain physical fitness equipment which had been financed by Leaf Funding and leased to Defendants pursuant to a Master Lease and Addendum. Contrary to the agreement between the parties, the Lessees failed to make lease payments, failed to insure the property, and improperly moved or transferred the property. The Court finds the following additional facts based upon the testimony presented and the exhibits introduced at the preliminary injunction hearing.

The Master Lease and Addendum identify equipment purchased by Leaf Funding from Startrac, an equipment manufacturer and/or vendor. Leaf Funding provided financing for the equipment and then leased the equipment to the Lessees.

The Lessees last made a payment to Leaf Funding on July 31, 2006 and are in default. As of September 26, 2006, the Lessees were

2

$183,471.12 in arrears in lease payments. (Hrg. Ex. 28).[1] As a result of their failing to make payments, Leaf Funding notified the Lessees that they were in default of the Master Lease and Addendum and that Leaf Funding intended to accelerate the payments due, in accordance with the parties' agreement. Leaf Funding calculates its present total damages under the terms of the Master Lease to be $2,938,928.15. (Id.).

In addition to failing to make lease payments, the Lessees have defaulted by admittedly moving some of the leased equipment. Leaf Funding first learned of this through a July 30, 2006 e-mail from Defendant Manny Butera to James Grant ("Grant"), Vice President of Leaf Funding. (Hrg. Ex. 32). Grant subsequently learned that not only had some of the equipment been moved out-of-state, some equipment had in fact crossed international borders and ended up in Ontario, Canada. (Hrg. Ex. 34).

Leaf Funding has made efforts to find the missing equipment and conduct an inventory as provided under the Master Lease. For the most part, these efforts have been fruitless. At approximately 80% of the locations where some of the equipment is supposed to be located, the facilities are closed. Leaf Funding has also been provided false addresses for locations where some equipment is supposed to be located.

Leaf Funding financed approximately 710 pieces of equipment, including, unbeknownst to it, 25 to 27 tanning beds which were

---

[1] References to "Hrg. Ex." are to those exhibits introduced by Plaintiff at the evidentiary hearing on Plaintiff's request for a preliminary injunction.

3

manufactured by Sportareedo, whose sale representative was Defendant Manny Butera. (Hrg. Ex. 29). Defendants have only been able to account for some 250 to 260 pieces of equipment, and some of that equipment apparently is not even equipment covered by the Master Lease and Addendum between Leaf Funding and the Defendants. (Hrg. Ex. 30). Leaf Funding calculates that approximately 75% of the equipment covered by the Master Lease and Addendum between it and the Lessees is missing. (Hrg. Ex. 31).

Because of these events, Plaintiff filed its request for extraordinary relief. In addition to seeking a TRO and Preliminary Injunction, Plaintiff also seeks a Writ of Possession so that it can attach the seized property, along with an attachment of certain bank accounts of the Lessees.

Defendants have indicated they have no objection to a preliminary injunction along the lines of the Temporary Restraining Order which has already been issued. Defendants also do not object to a Writ of Possession, although they want to be certain that the equipment which is seized is covered by the Master Lease and/or Addendum.

## II. **PRELIMINARY INJUNCTION**

Under Federal Rule of Civil Procedure 65(b), the Court may grant a preliminary injunction if it clearly appears from specific facts shown by testimony, affidavits or a verified complaint that immediate and irreparable injury, loss or damage will result to the applicant. In deciding whether to grant a preliminary injunction, the Court must consider four factors: (1) whether the party seeking the injunction has a strong likelihood of prevailing on the merits of the case; (2)

4

whether the moving party will suffer irreparable injury if the injunction is not entered; (3) the potential harm the injunction would cause others; and (4) the public interest. See Leary v. Daeschner, 228 F.3d 729, 736 (6th Cir. 2000).

**A. Likelihood of Success**

"In order to establish a likelihood of success on the merits of a claim, a plaintiff must show more than a mere possibility of success." Six Clinics Holding Corp., II v. CAFCOMP Sys., 119 F.3d 393, 407 (6th Cir. 1997). "However, it is ordinarily sufficient if the plaintiff has raised questions going to the merits so serious, substantial, difficult, and doubtful as to make them fair grounds for litigation and thus for more deliberate investigation." Id.

In this case, Plaintiff has presented proof which establishes that it has a likelihood of success on the merits. Plaintiff has presented numerous instances of breaches of the Master Lease and Addendum, including the Lessees' failure to make payments as required; the Lessees' failure to maintain proof of insurance as required; the Lessees' improper transfer, sub-lease, or sale of equipment subject to the lease; proof of over $1,000,000.00 in missing equipment; and undisputed statements that bank accounts used to make lease payments have been closed. Under the Master Lease and Addendum, these matters constitute a material breach and allow the Lessor to seek specified remedies to protect its rights under the lease. This factor weighs heavily in favor of granting a preliminary injunction.

5

**B. Irreparable Harm**

At the TRO hearing, Defendants asserted that Plaintiff could not show irreparable harm because it can be fully compensated for any damages which it has, or may, suffer. In ruling on the request for the Temporary Restraining Order, the Court rejected that argument on the grounds that the possibility of dissipating assets so that funds or property no longer exist in order to compensate the Plaintiff can establish irreparable harm. (Docket Entry No. 11 at 7-8, collecting cases). For the same reasons, that argument is rejected with respect to Plaintiff's request for a preliminary injunction.

Plaintiff has presented substantial evidence which suggests that the property subject to the Master Lease and Addendum may disappear, causing it irreparable harm. In fact, according to Plaintiff's proof, over $1,000,000.00 in equipment is missing. The allegations of improprieties are numerous and include Defendants' selling and/or transferring the property without the permission of the Lessor as required by the Master Lease and Addendum. Some of the property has been moved out of state and some even out of the country. In addition, some of the bank accounts used by Defendants and/or others to pay lease payments in the past have been closed. If Defendants move, transfer, or sell whatever equipment remains and have no money in the bank, Plaintiff may be thwarted in its efforts to recover under the Master Lease and Addendum because it may not be able to satisfy any money judgment it may obtain.

The Court finds that this factor too weighs in favor of the Plaintiff.

**C. Potential Harm to Others**

The third factor the Court must consider is whether the issuance of a preliminary injunction will cause "substantial harm to others." Leary, 228 F.3d at 736. This requires a court to balance the harm the movant would suffer if its request for an injunction was denied with the harm the defendants would suffer if they were to be enjoined. Sawyer, 2006 WL 1638537 at *8. "It also requires a court to assess the impact a preliminary injunction might have on relevant third parties." Id.

As already suggested in the discussion on irreparable harm, the Court finds that Plaintiff would be harmed if a preliminary injunction is not issued because Defendants have taken actions which are wholly inconsistent with their obligations under the Master Lease and Addendum, including transferring and selling equipment which is not theirs to transfer or sell. Conversely, the Court has been presented with no evidence that Defendants will be harmed by a preliminary injunction. True, if Plaintiffs are able to attach and repossess the equipment covered by the Master Lease and Addendum, Defendants will be without its use. However, Defendants are not entitled to use the property without payment, nor are they allowed to use the equipment without proof of insurance, or move or transfer the equipment as they see fit. If Plaintiff ends up in possession of the property, that possession will be in accordance with the agreements that Lessees willingly entered into when they signed the Master Lease and Addendum.

As for harm to others, the Court can discern no harm to the public generally. The Court does note, however, that several of the

7

Defendants have been sued as "alter-egos" of other Defendants who are signatories to the Master Lease and Addendum.[2] Whether some of the Defendants are alter-egos of the Lessees or not, the Court perceives no harm to these Defendants because they have no right to possess the equipment under the Master Lease without the consent of the Plaintiff. Since they have no right to possess the equipment, they have no basis for complaining whether the property remains where it is or whether it is repossessed by Leaf Funding.

**D. Public Interest**

The last factor in determining whether to grant a preliminary injunction "asks whether the public interest is advanced in issuing" the injunction. National Hockey League Players Ass'n v. Plymouth Whalers Hockey Club, 372 F.3d 712, 720 n.4 (6th Cir. 2003). Under Tennessee law, "parties are free to contract as they see fit" and courts are to "defer to the contracting process by enforcing contracts according to their plain terms." Seraphine v. Aqua Bath Co., Inc., 2003 WL 1610871 at *9 (Tenn. Ct. App. 2003). The public has an interest in protecting and preserving the integrity of contracts in Tennessee. Issuance of a preliminary injunction which seeks to enforce rights under a written contract will serve the public's interest.

---

[2] In its filings, Plaintiff asserts that Fitness Express of Smyrna Corp., Fitness Express of Chattanooga LLC and World Gym of Chattanooga are the alter-egos of the original Lessees under the Master Lease because they allegedly have made payments on behalf of the Lessees, they have co-mingled funds with the Lessees, and they have used at their locations some of the equipment originally leased to the Lessees.

8

**E. Security**

Rule 65(c) of the Federal Rules of Civil Procedure provides that "[n]o restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). In this case, when the Court issued the Temporary Restraining Order, it required that security be provided in the amount of $400,000.00. That same amount will secure against any damages Defendants may incur while preliminarily enjoined.

### III. WRIT OF POSSESSION

In its request for a preliminary injunction, Plaintiff also seeks a Writ of Possession pursuant to T.C.A. § 29-30-101 *et seq.* under which the equipment subject to the Master Lease and Addendum can be seized by appropriate law enforcement authorities for return to Leaf Funding. At the preliminary injunction hearing, Defendants indicated they had no objection to a Writ of Possession being issued, although they claim that the list of equipment as set forth in Exhibit 29 and as attached to the proposed Writ of Possession may be inaccurate.

Exhibit 29[3] is a list of equipment which was compiled by Grant based upon invoices Leaf Funding had received from Startrac relating to the equipment which was being financed for use by the Lessees. This Court has no evidence before it which would suggest that the list

---

[3] Exhibit 29 introduced at the preliminary injunction hearing is the same as Exhibit 29 to Plaintiff's Complaint.

9

is inaccurate and will therefore utilize this list should the issuance of a Writ of Possession become necessary.

Defendants indicated during the preliminary injunction hearing that the parties may be able to reach an agreement regarding the return of the property covered by the Master Lease and Addendum, and thus the Court will not issue a Writ of Possession until the parties have an opportunity to explore the possibility of the Lessees returning the property voluntarily. Plaintiff's request for a Writ of Attachment will be provisionally granted and will only be issued if the parties cannot reach an agreement on this issue within ten days. Should it become necessary for a Writ of Possession to issue, Plaintiff shall notify the Court in writing that the parties have been unable to agree on the return of the equipment to the Plaintiff. The writ to be issued by the Court will be in substantially the same form as that presented in Plaintiff's proposed order for a Writ of Possession and will utilize Exhibit 29 to identify the equipment to be possessed.

## IV. ATTACHMENT

Plaintiff also seeks to attach certain bank accounts of the Defendants. No proof was provided at the evidentiary hearing on this request and accordingly it will be denied.

## V. INFORMATION TO BE PROVIDED PLAINTIFF

In this Court's Order granting the Temporary Restraining Order, Defendants were required to provide certain specified information to the Plaintiff relating to the equipment covered by the Master Lease and Addendum. The specific items to be provided to Plaintiff are set

forth in Paragraph (6) of this Court's Order (Docket Entry No. 12) granting the Temporary Restraining Order. That requirement remains in full force and effect.

## VI. CONCLUSION

On the basis of the foregoing, the Court will enter a preliminary injunction pending a trial on the merits or settlement of this action which will (1) prohibit Defendants and those acting in concert with them from moving, transferring or otherwise alienating or impairing, damaging, concealing, or dispersing the equipment which is the subject of the Master Lease, Addendum and schedules between the Defendants and Leaf Funding, (2) require Defendants to provide information to Plaintiff about the equipment moved, transferred, sold, or leased and (3) explain the difference between the amount of equipment originally leased to Defendants and the amount of equipment which Defendants claim they now have in their possession. Plaintiff's request for a Writ of Possession will be provisionally granted, but said Writ shall not be issued for ten days and Plaintiff has notified the Court in writing that the parties have not reached an agreement. Plaintiff's request for an attachment of bank accounts will be denied.

An appropriate Order will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

11